WILLIAM FRIES, ADMINISTRATOR OF HANNAH FRIES, DECEASED, v. THOMAS WOODWORTH AND CHARLES H. CHEW.

1. A judgement entered by virtue of a warrant of attorney in this state, will not be set aside, on the ground that the principal debtor resides in Philadelphia and is there the administrator of the obligee, and alleges nothing is due on the bond.

2. A mistake in the plaintiff's affidavit, as to the amount due on a bond, is not a sufficient reason for setting aside the judgment; the execution will be amended.

---

A rule to show cause why the judgment in this case should not be set aside, was argued before Justices HAINES and ELMER, by *F. Kingman*, for the defendants, and *S. A. Allen*, for the plaintiff.

The opinion of the court was delivered by

ELMER, J. The warrant of attorney in this case being more than ten years old, a judgment was ordered by a rule of this court, upon the filing of the usual affidavit. It is now

moved to set the judgment aside, upon the facts disclosed by the deposition taken in pursuance of a rule of this court. The defendant, Chew, resides in Salem county, and was the surety of Woodworth, the other defendant, who resided in Philadelphia, where Mrs. Fries, the obligee, resided at the time of her decease, January 2d, 1862. Woodworth administered on her estate in Philadelphia, July 6th, 1864, and afterwards, *viz.*, November 12th, 1864, letters were duly issued to her son, William Fries, by the surrogate of the county of Salem, in this state. Woodworth claims that nothing is due on the bond, but that, on the contrary, the estate of Mrs. Fries is largely indebted to him.

The judgment has been regularly entered, and we see no good reason for setting it aside on any of the grounds that have been relied on. The plaintiff is in possession of the bond, and has a perfect right to proceed on it in this state, and to collect the money of the surety, if it is due. If there is nothing in fact due, the defendants must have that question tried, as other disputed questions are tried in our courts. That the principal debtor, resides in another state, and has there taken out letters of administration on the estate of the obligee, affords no reason for our interference; nor do we think we ought to suspend the proceedings until the question of Woodworth's indebtedness can be settled in Philadelphia. The circumstances of the case make it altogether the most reasonable and proper course of proceeding, that the question of indebtedness on this bond shall be tried in this state, where the debt originated and the bond was executed.

As to the circumstance that the affidavit claims a larger sum to be due on the bond than this really is, it is evident that it was a mistake. The copy of the bond filed contains all the payment claimed, and affords the means of correcting the mistake by amending the endorsement of the execution. The rule to show cause why the judgment shall not be set aside, must, therefore, be discharged. If the defendant choose to take a rule to correct the execution, he can do so, with costs;

but if he prefer to take a rule to open the judgment and to have leave to plead, he can do so; the costs to remain for future adjudication.